[Richardson v. The State.]

# Richardson *v.* The State.

## *Murder.*

(Decided January 21, 1915. 68 South. 57.)

1. *Jury; Quashing; Venire.*—A motion to quash the venire on the grounds that the names of the persons constituting it were not drawn according to law, and were not drawn by officers authorized by law to draw it, and that no order was made by the court commanding the sheriff to summons the persons constituting the venire, and that the court made two orders, one for 85 and the other for 86 persons, to constitute the venire, but no order to command the sheriff to summon either, was overruled without error.

2. *Criminal Law; Continuance; Failure to Summons Jurors.*—A continuance because of a failure of the sheriff to legally summons all of the jurors, resulting in the absence of 14, was properly denied under section 17, Acts 1909, p. 312.

3. *Same; Discretion of Court.*—Application for continuance because of the absence of witnesses, and because defendant was not arraigned a sufficient number of days before the day set for the trial to enable the sheriff to legally summon all the jurors constituting the venire, is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed in the absence of an abuse thereof.

4. *Homicide; Evidence; Threats.*—Where there was no proof of self-defense, evidence of threats made by deceased against defendant is not admissible.

5. *Same.*—Proof of the prior difficulty between deceased and defendant, not forming a part of the res gestæ of the killing, and of threats made by either against the other at the time, may be shown as bearing on the malice of defendant, but the details or merits of the previous difficulty may not be inquired into, where the fatal difficulty is not a mere continuance of the prior difficulty.

6. *Same.*—Error committed in permitting the state to prove the details of a prior difficulty affects the substantial rights of defendant within the meaning of rule 45 of the Supreme Court, such difficulty not being a part of the res gestæ of the killing.

7. *Same.*—Where the killing occurred at night, evidence that defendant flashed his flashlight on passersby while driving in a buggy on the streets of the town where the murder was committed, was admissible as tending to show that defendant was looking for someone, probably the deceased.

8. *Same; Flight.*—The fact that defendant went away immediately after the commission of the offense, is admissible against him.

9. *Same.*—Where defendant was armed and insisted that deceased was the aggressor, it was not improper to show that decedent was the night marshal of the town where the killing occurred.

[Richardson v. The State.]

10. *Same; Self-Defense.*—Where defendant testified to threats made by decedent, a charge that it was not necessary that defendant should have been actually in danger of death, or great bodily harm at the time he shot decedent, if retreat would have really increased his peril, but he could act on the premises in the light of any threats made against defendant, and, should the circumstances justify it, a reasonable belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, he could kill decedent though as a matter of fact, he was not in actual danger, and retreat would not have endangered his personal safety; and if accused acted under such circumstances, the burden of proving that he was not free from fault in bringing on the difficulty was on the state, and if not shown, defendant must be acquitted, was proper and should have been given.

11. *Charge of Court; Reasonable Doubt.*—A charge directing the jury to acquit unless the evidence excludes every reasonable supposition except that of guilt, was rendered bad by the use of the word "supposition."

12. *Same; Covered by Those Given.*—It is not error to refuse requested charges substantially covered by requested charges given.

13. *Evidence; Clothing.*—It is not erroneous to admit in evidence the clothing worn by the decedent at the time he was shot.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bert Richardson was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

The motion to quash the venire was based on the ground that the names of the persons constituting the venire were not drawn according to law, and were not drawn by the officers authorized by law to draw same; that no order was made by the court commanding the sheriff to summon the persons whom the court ordered to constitute the venire in the case; the court ordered 85 persons to constitute the venire in this case, and no order was made by the court commanding the sheriff to summon 85 persons to appear in court on the day set for trial; same as to the 86 persons; 14 of said persons were absent; the copy of the indictment, together with the list of the special venire, was not served on defendant as required by law; the court made two orders, one for 85 persons constituting the venire, and one for 86 persons to constitute the venire, and no order was made

commanding the sheriff to summon either 85 or 86 to appear in court on the day set for the trial of this cause. The motion for continuance is based on the absence of three named witnesses alleged to be material witnesses for defendant on defendant's physical condition, and because defendant was not arraigned in court a sufficient number of days before the day set for trial to enable the sheriff to legally summon all the jurors constituting the venire, and as a consequence 14 were not summoned, and were not present, and because the jurors constituting the special venire were not summoned two days before the day set for the trial of this cause, and as a consequence 14 were absent. The objections to evidence sufficiently appear from the opinion.

The following charges were refused to defendant: (7) The court charges the jury that, unless the evidence excludes every reasonable supposition except that of this defendant's guilt, you must acquit. (4) It is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he shot Butts, if you believe that he shot him, or that retreat would have really increased his peril, in order for him to be justified in shooting Butts. He had the right to act on the appearance of same at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of Butts in the light of any threats that the evidence proved Butts to have made against defendant. · If the circumstances attending the shooting were such as to justify a reasonable mind in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to shoot Butts in his own defense, although as a matter of fact, he was not in actual danger, and retreat would not

have endangered his personal safety, and if the jury believe that defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and if not shown the jury should acquit defendant.

FINCH & PENNINGTON, for appellant.

R. C. BRICKELL, Attorney General, and W. L. Martin, Assistant Attorney General, for the State.

GARDNER, J.—Defendant was indicted and tried for the murder of one Monroe Butts, was convicted of murder in the second degree, and sentenced to imprisonment for the period of 25 years.

(1, 2) There was no error in overruling the motion to quash the venire, nor was there any error in denying the motion for continuance on the ground that some of the jurors were not served.—Acts 1909, p. 312, § 17.

(3) The other grounds for continuance were clearly matters resting largely in the sound discretion of the court, and no abuse of this discretion is shown.

(4) At the time defendant offered proof of threats made by deceased against him there was no proof tending to show self-defense, and therefore the court below cannot be held to have committed error in sustaining the objection to the same at that stage of the trial.— Rutledge v. State, 88 Ala. 85, 7 South. 335; Turner v. State, 160 Ala. 40, 49 South. 828; Robinson v. State, 155 Ala. 67, 45 South. 916; Beasley v. State, 181 Ala. 28, 61 South. 259.

(5) The killing occurred in the streets of Cordova about midnight, and the theory of the defendant was that he acted in self-defense. Testimony was offered by the state to show a previous difficulty between the par-

ties, down in front of the New Hotel. Witness Miller places the time at 11:30 o'clock, and the proof seems to show without dispute that the shooting of the deceased took place just after 12 o'clock; but the witness Miller subsequently states that the previous difficulty was 10 or 15 minutes before the shooting. However this may be, it appears without conflict that the fatal difficulty was not in any sense a mere continuation of the previous difficulty, and such previous difficulty, under the facts in this record, could not be said to be a part of the res gestæ of the killing. The deceased left the hotel and went to the depot, and the defendant also left the hotel, and went to a stable some distance off, waked the man at the stable, and had him hitch a horse to a buggy and drive him around without giving any direction as to where to drive.

The fact that the parties had a previous difficulty was, of course, admissible. It was also admissible to show any threats made by either party at the time. Therefore that portion of the evidence which related to statements made at the time of the previous difficulty, which may reasonably be construed as threats against or challenges to deceased, was admissible.

Speaking to this question, it was said by Stone, J., in *McAnally v. State*, 74 Ala. 9: "In such case it is the fact of such difficulty, and its gravity, or the contrary, which may be proven. Its merits, or the particulars, cannot be given in evidence. If they were, the tendency would be to divert the minds of the jurors from the issue they are impaneled to try to the merits of the former quarrel. Too much latitude was allowed in this case. Nothing should have been received which tends to show who was in fault in the former difficulty."

"While the particulars or merits of a previous difficulty cannot be inquired into, the fact of such difficulty,

and the threats accompanying it, may be proved for the purpose of showing malice, or a motive for doing the deed."—*Lawrence v. State,* 84 Ala. 424, 5 South. 33; *Rutledge v. State,* 88 Ala. 85, 7 South. 335; *Patterson v. State,* 156 Ala. 62, 47 South. 52; *Robinson v. State,* 155 Ala. 67, 45 South. 916; *Wells v. State,* 187 Ala. 1, 65 South. 950.

In this case the state did not stop at the proof of the former difficulty, and of the statements which may reasonably be construed as threats or challenges, but, over the objection of the defendant, was permitted to prove, its seems, all that took place there at the hotel.

After the above testimony, which, as we have stated, was admissible, had been brought out, the state asked the witness Miller: "At the time you were down there in front of the hotel, state whether or not Mr. Butts had threatened to arrest the defendant; if so, state what Mr. Richardson was doing, and what Mr. Butts said to him."

There was timely objection by the defendant. The answer of the witness to this question discloses how the conversation arose, and that defendant made use of an oath; in fact, details of what was said and done by the parties at the time. The proof that was made that deceased was night marshal of the town, and the detailed version of the previous difficulty by the witness Miller would seem to tend to show that deceased was in the discharge of his duty at that time, and in short, was not at fault. As previously stated, it cannot be, and is not, insisted that this was a part of the res gestæ of the fatal difficulty. Too much latitude was therefore allowed the state in the introduction of the details of what occurred at the hotel. Motion was made to exclude that portion of the evidence above referred to, which motion the court overruled. We are of the opinion that this was

error to a reversal. The rule against the admission of such details has been established in this court since its early history, and has not been disturbed or shaken by subsequent decisions.

(6) Nor do we think that the instruction of the court to the jury as to the previous difficulty saves the cause from a reversal. By the instruction the detailed evidence still remained before the jury, but only with certain limitations. As previously stated, the rule against the introduction of the details of a former difficulty has long been established in this jurisdiction; and a question of evidence is regarded as affecting substantial rights of the defendant. We are therefore of the opinion that the provisions of rule 45 of this court (175 Ala. xxi, 61 South. ix) do not save the cause from reversal.

As the cause must be reversed for this error, it is unnecessary to treat in detail other questions presented.

(7-10) We will add, in a general way, that it was clearly relevant for the state to show that the defendant flashed his flashlight on passers-by, when in the buggy in the streets of Cordova, as the theory of the state evidently was that the defendant was then in search of deceased; and the evidence offered to show flight was also unobjectionable, as well as that elicited by the state from the defendant, to the same effect, on his cross-examination. We are further of the opinion that, in view of all the evidence and of the fact that deceased was armed, and with due regard to the insistence of defendant as to who was the aggressor, etc., it was not improper to show that deceased was night marshal of Cordova; nor do we see any merit in the objection to the introduction of the clothes deceased had on at the time he was shot.

(11) The refused charges need no detailed treatment. Some were properly refused as being incorrect. Charge

7 makes use of the word "supposition," and this court has in a very recent case condemned the charge.—*Mc-Coy v. State,* 170 Ala. 10, 54 South. 428.

(12) A number of other charges were refused because covered by charges given.

(13) We call the attention of the trial court to the refusal of charge 4, however, as this charge has been approved by this court as here presented.—*Bluitt v. State,* 161 Ala. 14, 49 South. 854; *Bluett v. State,* 151 Ala. 41, 44 South. 84.

We do not deem it necessary, in view of another trial of the cause, to determine whether the substance of this charge was given by the court to the jury, but we have thought it proper to direct attention to the above authorities, approving the charge as here presented. The defendant himself had testified to threats made by the deceased.

While the writer of this opinion (expressing his views only) may entertain some doubt as to whether or not the refusal of a charge so worded and punctuated as charge 4 should be held reversible error, yet there is no occasion here to enter into a consideration of such doubt, or of any reasons therefor.

For the errors indicated, the judgment of the court below must be reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.