(90 South. 63)

### WHITE v. STATE. (7 Div. 666.)

(Court of Appeals of Alabama. April 5, 1921.)

1. Criminal law ⟨⟩768(1)—Court should not instruct that it is jury's duty to adopt theory favorable to accused.

Court properly refused to give a requested instruction that if, from the consideration of all the evidence in the case, there is created in the minds of the jury two reasonable theories as to the death of deceased, one theory against the accused, and the other theory in his favor, then it is the duty of the jury to accept the theory in favor of the defendant, and to acquit; it not being within the province of the court to instruct as to which theory a jury should accept.

2. Criminal law ⟨⟩789(18) — Requested instruction as to doubt in single fact properly refused.

Court properly refused to instruct that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit, as it pretermitted a consideration of all of the evidence, and was otherwise bad.

3. Criminal law ⟨⟩829(5)—Requested charge on self-defense, covered by oral charge, properly refused.

Requested charges as to the law of self-defense, substantially covered by the oral charge, are properly refused.

4. Criminal law ⟨⟩561(3) — Proof of good character may generate reasonable doubt.

Proof of good character, when taken in connection with all the evidence in the case, may generate a reasonable doubt, which entitles a defendant to an acquittal, even though, without such proof of good character, the jury would convict.

5. Criminal law ⟨⟩364(2)—Homicide ⟨⟩112(2)—Defendant's right of self-defense not affected by conversation with deceased's daughter, and evidence thereof held not res gestæ.

Accused should not have been deprived of his right of self-defense, because of an attempt-

---

ed telephone conversation with the daughter of the deceased several hours prior to the killing 10 miles or more distant from the scene of the homicide, and court erred in permitting state to offer evidence thereof; deceased having pursued the accused with a gun on hearing of the attempted conversation, the matter not constituting any part of the res gestæ.

**6. Homicide ☞113—One abandoning difficulty has right of self-defense.**

One who, by a telephone conversation, had provoked and brought on, and had entered willingly into, a difficulty, but afterwards in good faith had abandoned the same, was entitled to set up self-defense.

**7. Homicide ☞117—One may take life of another to preserve life.**

The law permits every one, who is without fault, and who has adopted every reasonable safe expedient to avert the necessity, to take the life of an assailant rather than to lose his own.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

. Walter White was convicted of manslaughter for the killing of Pope Horton, and he appeals. Reversed and remanded.

The following charges were refused the defendant:

(12) If there is one single fact proved to the satisfaction of the jury, which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(13) The defendant had the right to shoot in self-defense to save his life, or to save himself from great bodily harm, provided he was free from fault in bringing on the difficulty, and provided, further, he had no reasonable mode of escape without increasing his danger.

(14) If the defendant was free from fault in bringing on the difficulty and if he had no reasonable mode of escape without increasing his danger, then he had a right to act in self-defense.

(16) If, from the consideration of all the evidence in the case, there is created in the minds of the jury two reasonable theories as to the death of Horton, one theory against the defendant, and the other theory in his favor, then it is the duty of the jury to accept the theory in favor of the defendant, and to acquit.

Appleton & Presley and C. A. Wolfes, all of Ft. Payne, for appellant.

The details of the telephone conversation were inadmissible. 7 Ala. App. 170, 62 South. 302; 17 Ala. App. 394, 85 South. 830. The court should not have deprived defendant of his right of self-defense because of such conversation. 14 Ala. App. 46, 70 South. 991; 15 Ala. App. 627, 74 South. 740.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The telephone conversation is on the same basis as a personal conversation, and was admissible on the theory of freedom from fault and in bringing on the difficulty. 16 Ala. App. 467, 79 South. 141; 140 Ala. 1, 37 South. 90. The written charges were properly refused. 15 Ala. App. 311, 73 South. 200; 197 Ala. 613, 73 South. 340; 17 Ala. App. 149, 82 South. 639; 16 Ala. App. 545, 79 South. 804.

BRICKEN, P. J. [1] Charge 16, refused to defendant, was an invasion of the province of the jury, and was properly refused. If the jury, from the consideration of all the evidence, entertain two theories as to the death of the deceased, one of which was against defendant, and the other theory favorable to him, it was for the jury to decide, after a consideration of all of the evidence, which theory to adopt as their verdict, and it was not within the province of the court to instruct them as to which theory they shall accept. Charges of similar import have been many times condemned by this court and by the Supreme Court. Harvey v. State, 15 Ala. App. 311, 73 South. 200, and cases cited.

[2] There was no error in refusing charge 12, as it pretermits a consideration of all of the evidence, and is otherwise bad. It has been expressly so held in the cases of Pippin v. State, 197 Ala. 613, 73 South. 340, and Love v. State, 17 Ala. App. 149, 82 South. 639.

[3] Charges 13 and 14 were substantially covered by the oral charge; therefore their refusal was without error.

[4] Proof of good character, when taken in connection with all the evidence in the case, may generate a reasonable doubt, which entitles the defendant to an acquittal, even though, without such proof of good character, the jury would convict. Charge 15, refused to defendant, properly stated the law, and its refusal was error. This charge was not covered by the oral charge of the court, and its refusal cannot be justified on that ground. Watts v. State, 177 Ala. 24, 59 South. 270.

[5] The deceased, Horton, was killed on the public highway in Dekalb county, about noon, on the 12th day of May, 1919. It appears that several hours prior to the time of the homicide—that is, "shortly after breakfast" on that same day—the defendant undertook to have a conversation over the telephone from the home of witness Ayers, with the then unmarried daughter of deceased. But she declined to talk to him, whereupon he hung up the phone and started to his home, traveling in his buggy. While the testimony relating to the telephone conversation was allowed, over the objection and exception of the defendant, the witness Mrs. Lumpkin Ritchie, without objection of any

character, was permitted to testify that she told her brother about it in a short time thereafter, and that she went to the field where he was plowing for the purpose of telling him; that she did not tell her father (deceased), but her brother did so tell him. Soon thereafter her father and brother got their guns and left home in a buggy, and from there they went and got with Dr. M. L. Casey, son-in-law of deceased, and all three of these men, with their guns, pursued defendant in Dr. Casey's car, and overtook him about 10 miles from the home of deceased, the starting point.

[6, 7] Under the facts of this case the defendant should not have been deprived of his right of self-defense because of the telephone conversation with the daughter of the deceased, several hours prior to the difficulty and 10 miles or more distant from the scene of the homicide; and the court erred in permitting the state to offer evidence thereof over the objection of the defendant, and the limitations placed upon this evidence by the court in no sense relieved it of its hurtful and prejudicial effect before the jury. This evidence was too far removed, in point of time and place, to constitute any part of the res gestæ, and the unusual and unwarranted conduct of the deceased, his son, and son-in-law upon hearing of this attempted telephone conversation, could under no conditions be justified, condoned, or excused. The defendant was on his way home, traveling the public highway in his buggy, and going in an opposite direction from deceased. Even if this had not been true, and if the defendant by this purported telephone conversation had provoked and brought on, and had entered willingly into, the difficulty, but afterwards, in good faith, had abandoned same, he would not have been deprived of his right of self-defense under the law. Parker v. State, 88 Ala. 4, 7 South. 98; Brewer v. State, 160 Ala. 66, 72, 49 South. 336.

But here it is shown without dispute that the defendant had not only not sought the difficulty, but was several miles distant, going in an opposite direction, and was chased down by what might be properly termed a murder car, loaded with men and guns (deceased, his son, and his son-in-law), manifestly seeking his destruction, because merely of an attempt by him to hold an inoffensive conversation over the telephone with the daughter of deceased. These undisputed facts demonstrate most clearly that the deceased, his son, and son-in-law were the aggressors, and to hold under these facts that, because of the attempt to converse with deceased's daughter, the defendant should be deprived of the right to set up self-defense, would be in effect to hold that the principle of law as announced in DeArman's Case, 71 Ala. 351, and Lett's Case, 1 Ala. App. 18, 56

South. 5, was inoperative and unavailing, so far as concerned this defendant. The principle of law as announced in the cases supra, is:

"The law is a reasonable master, and has equal regard for every human life under its jurisdiction. It recognizes love of life as a natural and legitimate sentiment; and while it cannot be molded and controlled by notions of chivalry, it permits every one who is without fault, and who has adopted every reasonably safe expedient to avert the necessity, to take the life of his assailant, rather than to lose his own. The divine law does not require us to love our neighbor better than ourselves."

The evidence was in conflict, and one phase of it presents a very grave doubt as to whether deceased was killed by the defendant, who used a 32-caliber pistol, or by a 38-caliber bullet fired from the automatic pistol of his own son, while shooting at defendant. However, this was a question for the determination of the jury, and the court's ruling in this connection was free from error. The better practice would have been, however, for the witness Hobson Horton, son of deceased, to have been required to state the position or location of his father during the difficulty, and for the jury to say "whether or not deceased was at any time within the range of his (witness') gun, when he was shooting at defendant."

Other questions presented need not be here discussed, as in all probability they will not arise again upon another trial of this case.

For the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes