(97 South. 234)
### WHITE v. STATE. (7 Div. 860.)

(Court of Appeals of Alabama. April 10, 1923. Rehearing Denied April 17, 1923. Affirmed on Mandate of Supreme Court July 10, 1923.)

**1. Homicide ⊕⇒234(1)—Defendant acquitted in case of reasonable doubt as to who fired fatal shot.**

In a prosecution for manslaughter, the jury should acquit defendant if there is a reasonable doubt as to who fired the shot that killed decedent.

**2. Criminal law ⊕⇒829(1)—Refusal of request covered by given charge held not error.**

A refusal of a request which properly stated the law, but which was covered by a given charge, is not error.

**3. Criminal law ⊕⇒789(15)—Request that evidence must exclude every supposition except guilt to warrant conviction held bad.**

The use of the word "supposition," in a request that the jury must find the defendant guilty unless the evidence is such as to exclude to a moral certainty every supposition but that of his guilt, renders it bad.

**4. Criminal law ⊕⇒753(1) — General affirmative charge denied, if evidence tends to make case against requesting party.**

The general affirmative charge should never be given, where there is any evidence, however weak and inconclusive, tending to make a case against a party who asks it.

**5. Homicide ⊕⇒300(14)—Request as to effect of having no mode of escape held faulty as pretermitting necessity of killing.**

The refusal of a request that if defendant was free from fault in bringing on the difficulty and there was no reasonable mode of escape without increasing his danger, then he could act on the reasonable appearance of things, even to the taking of life, *held* not error, as this request pretermits question of the necessity of killing.

Appeal from Circuit Court, DeKalb County; W. W. Haralson, Judge.

Walter White was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Certiorari granted by Supreme Court in Ex parte State (Re White v. State) 210 Ala. 8, 97 South. 236.

These charges were refused to defendant:

"The court charges the jury that if, under all the evidence in this case, there is a reasonable doubt in the minds of the jury as to who fired the shot that killed deceased on the occasion

of this difficulty, then it is the duty of the jury to acquit the defendant.

"2. I charge you, gentlemen of the jury, that you cannot convict the defendant if any individual juror is not convinced of his guilt beyond all reasonable doubt and to a moral certainty.

"3. I charge you, gentlemen of the jury, that you must find the defendant not guilty, unless the evidence is such as to exclude to a moral certainty every supposition but that of his guilt.

"4. I charge you, gentlemen of the jury, that each and every juror must be convinced beyond all reasonable doubt of the defendant's guilt before you can convict him.

"5. I charge you gentlemen of the jury that if you believe the evidence in this case you cannot convict the defendant.

"6. I charge you, gentlemen of the jury, that if you believe the evidence in this case you must acquit the defendant."

"8. I charge you, gentlemen of the jury, that if you find from the evidence in this case that the defendant was free from fault in bringing on the difficulty, and there was no reasonable mode of his escape without increasing his danger, then he could act on the reasonable appearance of things and act even to the taking of life."

The court gave this charge at defendant's request.

"7. I charge you, gentlemen of the jury, that, unless each and every juror is convinced of the defendant's guilt beyond a reasonable doubt, you cannnot convict him."

I. M. Presley and C. A. Wolfes, both of Ft. Payne. for appellant.

Counsel argue for error in the refusal of requested charges, but cite no authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The second and fourth charges are defective in reference to the action of one juror. Brown v. State, 18 Ala. App. 284, 92 South. 16. A charge using the word "supposition" is properly refused. Walters v. State, ante, p. 92, 95 South. 207. Charge 7 is defective in the use of the term "self-defense" without defining it. Lawman v. State, 18 Ala. App. 569, 93 South. 69; Windom v. State, 18 Ala. App. 430, 93 South. 79.

BRICKEN, P. J. This is the second appeal in this case. White v. State, 18 Ala. App. 96, 90 South. 63.

The indictment charged the defendant with second degree murder. On the former trial he was convicted for manslaughter in the first degree, but the judgment of conviction was reversed by this court (White v. State, supra), and the cause remanded.

On this trial in the court below the defendant filed a plea of former acquittal of murder in the second degree; the plea being confessed by the state, the trial proceeded upon the charge of manslaughter in the first degree.

Throughout the entire trial no exception was reserved to any ruling of the court. The refusal of several written charges requested by defendant are relied upon to effect a reversal of the judgment appealed from. The given and refused charges appear in the record without number or other designation. In the preparation of records the clerk should designate by number or letter all given or refused charges in order to avoid confusion and uncertainty. We have so numbered the charges in this record for the purposes stated.

[1, 2] Refused charge numbered 1 properly states the law, but its refusal was not error, as the oral charge of the court fully covered the proposition of law embraced in this charge.

Refused charges 2 and 4 also state correct propositions of law, but given charge 7, covers the same point and is practically identical with these charges, and therefore their refusal was without error.

[3] The word supposition renders refused charge 3 bad. In Smith v. State, 197 Ala. 193, 202, 72 South. 316, 320, the Supreme Court, in discussing a similar charge, said:

"Moreover, the charge was properly refused, for the use of the word 'supposition.' All cases in this state, holding that the refusal of such a charge is' erroneous, are hereby overruled." Dawson v. State, 196 Ala. 593, 71 South. 722; Richardson v. State, 191 Ala. 21, 68 South. 57.

[4] Refused charges 5 and 6 were each the general affirmative charge, and under the oft-announced rule that the general charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it, we must hold that these charges were properly refused. While it cannot be denied that the testimony against this defendant was very weak and inconclusive, yet there was some testimony adduced upon this trial from the son and son-in-law of deceased, which made it a question of fact for the determination of the jury. Under this testimony the court could not as a matter of law direct a verdict for defendant.

The defendant offered evidence tending to show: That he was traveling the public road, alone in a buggy, and was on his way to his home about 2½ miles distant. That he was overtaken by an automobile which was occupied by deceased, Pope Horton, and his son Hobson Horton, and also Dr. M. L. Casey, son-in-law of deceased. That in response to the blowing of the horn on the automobile he (defendant) turned out of the public road in order to let the car pass, and at that time did not know who was in the car. That the car ran by defendant and ran around the head of his horse, and whirled around across the road and stopped. That Horton, deceased, got out of the car with a shotgun in his hand, and he was very pale. And the defendant testified:

"I seen that he intended to shoot me. I said to Mr. Horton not to shoot me, and I hadn't more than said that till he raised his gun and fired and the load from the shotgun came right across and it tore a hole in my shirt—a great large hole—and hit my side and tore a strip off my side. When the shooting commenced I was back a little behind the car."

That Hobson Horton also shot him in the neck with a pistol in close proximity, etc. That he never fired his pistol until after he had been fired upon and hit. That the deceased never said anything to him, but commenced to fire at him as soon as he stepped from the car. There was other evidence of like import, tending to show these facts. On this evidence the appellant asked the following charge:

"I charge you, gentlemen of the jury, that if you find from the evidence in this case that the defendant was going quietly down the road, and was free from fault in bringing on the difficulty, and if the Hortons and Casey cut off his way of escape and opened fire on him, then he had the right to fire in self-defense."

This charge was practically upon the effect of the testimony above quoted, and also other similar testimony in the case, and was peculiarly applicable to the testimony bearing upon the question of the imminent danger or peril of the defendant at the time he returned the fire; also upon the fact that there was no reasonable mode of escape, it having been apparently cut off by the attacking party; and the charge specifically postulates the freedom from fault on the part of the defendant. We think this charge should have been given under these conditions. While, as stated, the charge is practically upon the effect of the testimony, the law is that the court may charge upon the effect of the testimony when required to do so by one of the parties. Code 1907, § 5362. The charge was not abstract. as there was some evidence adduced upon this trial, if believed by the jury under the required rule, to sustain the charge as requested. We are of the opinion, as applied to the evidence in this case, it was error to refuse this charge.

[5] Charge 8. refused to defendant, pretermits the question of necessity to kill—that is, it omits the element of self-defense relating to imminent peril or danger to defendant at the time of the shooting; and for this reason, there was no error in its refusal.

For the error designated, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

On Mandate of Supreme Court.

PER CURIAM. Affirmed on authority of Ex parte State ex rel. Davis, Attorney General, 210 Ala. 8, 97 South. 236.