# Lawrence v. The State.

### Indictment for Assault with Intent to Murder.

1. *Evidence as to former difficulty and threats.*—As illustrating the conduct and motive of the defendant, it is permissible for the prosecution to prove the fact of a former difficulty between him and the person assaulted, and the threats accompanying it, but not the particulars of that difficulty.

2. *Constituents of offense.*—An intent to murder being an essential element of the offense, the issue necessarily involves the inquiry whether, if death had ensued, the killing would have been murder: but it is immaterial whether it would be murder in the first or second degree.

3. *Same; charge as to.*—To complete the offense, a wrongful act, amounting to an assault, and an intent to murder, must concur, and where there is any conflict or uncertainty in the evidence as to the commission of the assault, a charge instructing the jury that it is the intent which constitutes the crime, would have a tendency to mislead; but the assault being clearly proved and not disputed, such instruction could not mislead.

APPEAL from Pike Circuit Court.

Tried before Hon. JNO. P. HUBBARD.

The defendant Lawrence was indicted for assault with intent to murder Coon Worthy, was found guilty and sentenced to four years imprisonment in the penitentiary.

THOS. N. MCCLELLAN, Attorney General for the State, cited *Ross v. State*, 62 Ala. 224; *Meredith v. State*, 60 Ala. 441.

CLOPTON, J.—Generally all occurences and the declarations accompanying them, having reference to and connected with the commission of an offense, though not coincident in point of time, are admissible in evidence as illustrating the conduct and motive of the accused. While the

[Lawrence v. The State.]

particulars or merits of a previous difficulty can not be inquired into, the fact of such difficulty, and the threats accompanying it, may be proved for the purpose of showing malice, or a motive for doing the deed. The previous assault and threats by the defendant against the particular person whom he is charged with having subsequently assaulted, had reference to the commission of the offense and were admissible to show the intent with which the last assault was made.—*Ross v. State*, 62 Ala. 224. If, the details so far as narrated were not competent, the objection as made goes to the entire evidence relating to the previous difficulty and threats, and was properly overruled.

An intent to *murder* is an essential element of the offense of which the defendant was convicted, the burden of proving which is on the prosecution. If the facts and circumstances were such as, if death had ensued, would have reduced the offense to manslaughter, the defendant could not have been convicted of an assault with intent to murder. The determination of the guilt or innocence of the defendant necessarily involved the inquiry, whether, if death had ensued, the offense would have been murder or manslaughter, or whether the killing would have been excusable homicide. But if murder, the inquiry is immaterial whether murder in the first or second degree, for if in either degree, the defendant was guilty as charged.—*Meredith v. State*, 60 Ala. 441.

To complete the offense, there must be both a wrongful act and a malicious intent—an assault and an intent to murder. A mere intent, without ability to accomplish it, real or apparent, is not sufficient. The charge given by the court, at the request of the prosecution, that "it is the intent, unlawfully and maliciously to kill the person assaulted, which constitutes the crime of an assault with intent to murder," when construed in reference to the evidence showing an actual assault with a loaded gun, which does not seem to have been controverted, is not obnoxious to the objection, that it asserts the proposition that the mere intent, though ability real and apparent to accomplish it may be wanting, completes the offense. It was intended, and must have been so understood by the jury, as only declaring that the intent to unlawfully and maliciously kill another is the intent to murder, which constitutes a composing element of the offense, with which the defendant is charged. Such charges may have a tendency to mislead, when there is conflict or uncertainty in the evidence of an assault having been made, and in such

case should be refused; but when the proof leaves no doubt of an assault, and the whole case turns on the intent of the accused, it is difficult to see how such instructions could mislead the jury.

Affirmed.