# Thomas v. The State.

### *Indictment for Arson.*

1. *Evidence: identifying defendant as guilty agent.*—On trial for arson, where there was evidence that defendant was seen to approach the building with a jug in her hand, and pour oil therefrom on the building, to which she set fire, evidence that the jug was formerly in possession of her husband is admissible to show opportunity in her to have the jug in possession, at the time of the burning, and to identify her as the guilty agent.

2. *Same; hearsay.*—Where the bill of exceptions does not set out the testimony of a witness *in haec verba*, but its tendency only, and it does not appear by what means his testimony tended to show the fact testified about, his testimony can not on appeal be pronounced hearsay

3. *Same; as to characteristics and custom of defendant.*—On a trial for arson the court properly sustained objections to the questions propounded to defendant's witness. "Do you know if Matilda Thomas has the character of being afraid to go about of nights by herself?" and, "Has it ever been the custom of the defendant to travel about in the night by herself?"

4. *Charge of court as to measure of proof.*—In a criminal case a charge that "The court charges the jury that the evidence sufficient to convict Matilda Thomas should not only be a preponderance of mere probabilities, but the evidence should be so convincing as to lead your mind to the conclusion that the defendant can not be guiltless," is properly refused. (*Coleman v. State,* 59 Ala. 52, departed from.)

5. *Charge of court as to flight*—A charge that "Flight is not evidence of guilt unless defendant fled from a sense of guilt; and if defendant voluntarily surrendered himself for trial, this explained away her flight, and will not be weighed against her," invades the province of the jury and is properly refused.

APPEAL from the County Court of Bibb.
Tried before the Hon. M. Y. HAYES.

[Thomas v. The State.]

The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that the evidence sufficient to convict Malinda Thomas should not only be a preponderance of mere probabilities, but the evidence should be so convincing as to lead your mind to the conclusion that the defendant can not be guiltless." (2.) "Flight is not evidence of guilt unless the defendant fled from a sense of guilt. And if defendant voluntarily surrendered herself for trial, this explained away her flight, and it will not be weighed against her."

S. D. LOGAN, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

HEAD, J.—The defendant was tried for the offense of arson in the third degree, under the statute, and convicted. The State's evidence tended to show that she was seen between 8 and 9 o'clock at night to approach the house that was burned, with a jug in her hand ; and on reaching it, began pouring oil on it from the jug, and struck a match and set fire to the oil. She then took up the jug and started to run away, when Nathan Hill, the owner of the house, fired a gun at her as she ran. Nathan Hill is one of the witnesses who testified to seeing the defendant commit the offense, as above stated ; and he was asked by the State if he had ever seen the jug before, to which he replied that, several weeks before the burning he and Will Thomas, the husband of defendant, were getting shingles in the woods, and that they had that same jug with them, with kerosene oil in it, and that it was left in the possession of said Will Thomas. The defendant objected to this testimony, on the ground that it was irrelevant and incompetent, and that possession of the jug by some one else did not bind the defendant. The court properly overruled the objection. The fact that the jug belonged to, and was in possession of her husband before the burning, was a circumstance going to show opportunity in the defendant to have it in her possession at the time of the burning, and to identify her

as the guilty agent.   The bill of exceptions recites that
"The said Nathan's evidence tended to show that the
jug was found, on the morning after the alleged burning,
or the morning after that, he did not remember, over the
hill in the direction that defendant ran, on the side of
the path, with some kerosene oil in it."   Tella Hill,
Nathan's wife, was introduced by the State, and she
testified that "the first she and her husband knew of the
jug was on the second morning after the alleged burning,
and then her little boy brought it to her and her hus-
band, and that they then went over the hill and looked
at the place where the little boy said he found the jug."
The defendant then moved the court to exclude from the
jury all the evidence of said Nathan and Tella as to find-
ing the jug, on the ground that the same was hearsay,
and because neither the said Nathan nor Tella knew of
their own knowledge where the jug was found.   The
court overruled the objection as to the evidence of Na-
than, and sustained it as to Tella, and exception was
reserved.   It is enough to say that the bill of exceptions
does not purport to set out, *in hæc verba*, the testimony
of Nathan, but its tendency only.   By what means or
processes his testimony tended to show the jug was found,
and where found, does not appear.   We can not, there-
fore pronounce his testimony hearsay.   The question put
to the defendant's witness, Sylvia Avery, by the defend-
ant, "do you know if Malinda Thomas has the character
of being afraid to go about of nights by herself?" and
the further question, "Has it ever been the custom of
the defendant to travel about in the night by herself?"
were improper, and the objections to them were properly
sustained.     *Poe v. State*, 87 Ala. 65.

In *Coleman v. State*, 59 Ala. 52, we ruled that a charge,
the same, in substance, as the first requested by the de-
fendant in this case. should have been given, and reversed
the judgment of the court below on account of its refusal;
but in more recent rulings we have departed from that
decision, and, under their influence, now hold the charge
was properly refused.   *Bonner v. State*, *post* herein, p. 97.

The charge requested by the defendant, on the subject
of flight, clearly invaded the province of the jury and
was properly refused.

Affirmed.