[Bodine v. The State.]

# Bodine *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Pleading and practice; review on appeal of rulings on plea in abatement.*—In order to review the ruling of the trial court which was evidently based upon a finding of fact, the same evidence upon which the trial court acted should, in a proper manner, be presented to the appellate court; and where, to an indictment, a plea in abatement upon the ground of the misnomer of the defendant is, as recited in the judgment entry, "quashed upon an inspection of the indictment and plea by the court," the appellate court will not review such ruling in the absence of the original paper which was before the trial court and was inspected by it, or at least a *fac simile* thereof properly authenticated, or an accurate description thereof in the bill of exceptions.

2. *Witness; impeachment by testimony of justice of the peace.* It is not competent, for the purpose of impeaching a witness who had testified in a case, to prove by a justice of the peace that in 1892 he convicted such witness of the larceny of a hog and fined him in his justice court; since at the time of conviction testified to, the larceny of the hog was, by statute, a felony, and the justice of the peace had no final jurisdiction of the offense; and, therefore, there could not have been a legal judgment of conviction.

3. *Evidence; when not shown to be a part of the res gestae.*—On a trial under an indictment for an assault with intent to murder, where it is shown that after the assault charged the defendant went some distance into the country and met a kinsman of the person assaulted, a statement made by the defendant to said kinsman to the effect that the assault was not intended, constitutes no part of the *res gestae* of said assault, and is not admissible in evidence.

4. *Charge of court as to character of defendant.*—In a criminal case, where the only evidence of the character of the defendant was that he was a quiet and peaceable man, and there was not attempt at impeachment of the defendant who was examined as a witness, and no evidence as to his veracity, a charge which instructs the jury that "they may look to the fact, if it be a fact, that defendant is a man of good character, in determining what weight they will give the testimony

[Bodine v. The State.]

of the defendant," is abstract and properly refused.

5. *Charge to the jury; reasonable doubt.*—In a criminal case, a charge is erroneous and properly refused which instructs the jury that "if after considering all the evidence they could give a reason arising out of any reasonable aspect of the facts proven for acquitting the defendant, then they should acquit him."

6. *Same; same.*—In a criminal case, a charge is properly refused which instructs the jury that "If after considering all the evidence in the case, the mind of the jury is left in a state of confusion as to any fact necessary to constitute the defendant's guilt, then they must find him not guilty."

7. *Same; as to flight of defendant*—On a trial under an indictment for assault with intent to murder, where the evidence shows that after the commission of the offense charged the defendant fled from the county, but there was no evidence tending to show that his flight was caused by fear of the person assaulted, a charge is erroneous and properly refused which instructs the jury that "though evidence tending to show flight is a matter to be considered by the jury yet it is of weak and inconclusive character. It may not be evidence of guilt at all. If it proceeded from fear of violence from F. [the person assaulted] then it is no evidence at all of guilt."

8. *Same; as to weight to be given the defendant's testimony.*—In a criminal case, where the defendant testifies as a witness, a charge is properly refused which instructs the jury that "they should not capriciously reject the testimony of the defendant simply because he is interested, but unless the jury have good reason to believe under all the circumstances that the defendant has sworn falsely, then the jury should believe his testimony and consider it along with all the other testimony in the case in making up their verdict;" such charge being both argumentative and invasive of the province of the jury.

9. *Same; as to reasonable doubt.*—In a criminal case, a charge is properly refused which instructs the jury that "although the jury may after reviewing all the evidence from the standpoint of the State find that there is some evidence tending to show the defendant's guilt, yet if after considering all the evidence in the case from the standpoint of the State and the defendant the jury have a reasonable doubt of the defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty."

10. *Same; same.*—In a criminal case, a charge is properly refused as tending to mislead, which instructs the jury that "the defendant is presumed to be innocent until his guilt is es-

[Bodine v. The State.] .

tablished, and the evidence to induce or authorize a conviction should not be a mere preponderance of probabilities, but should be so strong and convincing as to lead the mind to the careful and guarded conclusion that the defendant can not consistently with any reasonable hypothesis be innocent."

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The appellant was indicted and tried for an assault with intent to murder, was convicted of an assault, and fined twenty-five dollars.

The indictment as contained in the record on the present appeal charged that "Sol Bodino unlawfully and with malice aforethought did assault William Fowler with a gun with the intent to murder him," etc. The defendant filed a plea in abatement, in which he set up that he was indicted by the name of Sol Bodino, while his true name is "Sol Bodine, and that he has ever been known or called by the name of Sol Bodino." The judgment entry showing the rulings of the court upon the plea is copied in the opinion.

On the trial of the case, W. M. Fowler, as a witness for the State, testified that the defendant came to the field where witness was plowing and called the witness to the fence; that as he approached the defendant, the defendant made a complaint against him about a cow trespassing upon the defendant's property, and stated that he had come to settle the matter with him, and that thereupon the defendant raised a gun to his shoulder and fired upon the witness. This testimony was corroborated by the testimony of another witness introduced by the State. The evidence further shows that after the shooting the defendant went some distance down a road from the field and then went into "the bottoms," where one Dearman, the brother-in-law of Fowler, was at work, and that when he left Dearman he went to Blount county. The defendant offered to show that when he went to where Dearman was he told Dearman to go and tell Fowler that he did not shoot at him, but that the gun went off accidentally. The State objected to this testimony, the court sustained the objection, and the defendant duly excepted. The rulings of

the court in reference to the testimony of the witness. Dodd are shown in the opinion. The defendant testified as a witness in his own behalf that he did not shoot at Fowler; that as he was talking to Fowler with a gun lying across his saddle, the mule which he was riding moved suddenly and the gun started to fall, and, in catching the gun, it fired accidentally. It was further shown by the evidence that the defendant was a man of peaceable and quiet character. The bill of exceptions recites that "The solicitor in his speech said defendant would swear falsely on account of his interest in the case, that the penitentiary was staring him in the face and that the jury knew he would swear falsely to keep out of the penitentiary."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that they may look to the fact, if it be a fact, that defendant is a man of good character in determining what weight they will give to the testimony of the defendant." (2.) "The court charges the jury that in the light of the argument of counsel for the prosecution that the defendant's testimony is not to be believed because of his interest and that therefore the defendant would willfully testify falsely in the case, the jury may look to the fact, if it be a fact, that the defendant is a man of good general character in determining what weight the jury will give defendant's testimony." (3.) "The court charges the jury that if after considering all of the evidence they could give a reason arising out of any reasonable aspect of the facts proven for acquitting the defendant, then they should acquit him." (4.) "The court charges the jury that if after considering all the evidence in the case, the minds of the jury are left in a state of confusion as to any fact necessary to constitute the defendant's guilt, then they must find him not guilty." (5.) "The court charges the jury that though evidence tending to show flight is a matter to be considered by the jury, yet it is of weak and inconclusive character. It may not be evidence of guilt at all. If it proceeded from fear of violence from Fowler then it is no evi-

dence at all of guilt." (6.) "The court charges the jury that they should not capriciously reject the testimony of the defendant simply because he is interested but unless the jury have good reason to believe under all the circumstances that the defendant has sworn falsely, then the jury should believe his testimony and consider it along with all the other testimony in the case in making up their verdict." (7.) "The court charges the jury that although the jury may after reviewing all the evidence from the standpoint of the State, find that there is some evidence tending to show the defendant's guilt, yet after considering all the evidence in the case from the standpoint both of the State and the defendant the jury have a reasonable doubt of the defendant's guilt arising out of any part of the evidence, they must find the defendant not guilty." (8.) "The court charges the jury that the defendant is presumed to be innocent until his guilt is established, and the evidence to induce or authorize a conviction should not be a mere preponderance of probabilities, but should be so strong and convincing as to lead the mind to the careful and guarded conclusion that the defendant can not consistently with any reasonable hypothesis be innocent."

O. D. STREET, for appellant.—The court erred in quashing the plea in abatement.—*Underwood v. State,* 72 Ala. 220; *Tarply v. State,* 79 Ala. 271; *Adams v. State,* 67 Ala. 89; *Lawrence v. State,* 59 Ala. 61; *Merlette v. State,* 100 Ala. 42; *Griffin v. State,* 90 Ala. 583; *Diggs v. State,* 49 Ala. 311.

The charges requested by the defendant and which the court refused to give asserted correct propositions of law.—*Kelso v. State,* 47 Ala. 573; *Smith v. State,* 9 Ala. 995.

CHAS. G. BROWN, Attorney-General, for the State. The court can not, as the question is presented on the present apeal, review the rulings of the trial court upon the plea in abatement.—1 Bishop's Crim. Proced. (3d ed.), § 338; *Gilmore v. State,* 125 Ala. 59.

[Bodine v. The State.]

The charges requested by the defendant and refused were erroneous, misleading, abstract and argumentative, and were, therefore, properly refused.—*Turner v. State*, 124 Ala. 59; *Tarrant v. State*, 92 Ala. 8; *Raines v. State*, 91 Ala. 31; *Roberts v. State*, 122 Ala.47.

DOWDELL, J.—The judgment entry recites that "after due deliberation it is considered by the court that the plea in abatement be and the same is hereby quashed, upon the inspection of the indictment and the plea by the court." We are unable to say, in the absence of the original paper (the indictment) which was before the trial court, and was *inspected* by the court, that any error was committed in quashing the plea of misnomer. In order to review this ruling, which was evidently based upon a finding of fact, the same evidence upon which the trial court acted should in a proper manner be presented to this court; that is by bill of exceptions, and if necessary by sending up under the rules the original papers.

The bill of exceptions states that for the purpose of impeaching one of defendant's witnesses who had testified in the case the State was permitted to prove, "by one Dodd, a justice of the peace, that in 1892 he convicted such witness of the larceny of a hog and fined him five dollars in his justice court." This evidence was admitted against defendant's objection; and in the admission of it there was error. At the time of the conviction testified to, the larceny of a hog was by statute made a felony, and of said offense the justice of the peace had no jurisdiction; consequently there could have been no legal judgment of conviction. It is only in cases of conviction by a court of competent jurisdiction that evidence of such conviction, going to the competency of a witness, or to the credibility of his testimony, is admissible, under sections 1795, 1796 of the Code.

There was no error in excluding from the evidence the statement made by the defendant to one Dearman after the shooting occurred. This was no part of the *res gestae*, but simply a statement or declaration, in interest, by the defendant, which is not permissible to be given in evidence.

[Bodine v. The State.]

The only evidence of the character of the defendant was that of a quiet and peaceable man. This evidence bore on the question of guilt or innocence, and not upon the character of the defendant for veracity or the credibility of his testimony. There was no attempt at impeachment of the defendant, and consequently evidence of his character for veracity could not have been introduced by him. Charge 1 requested by the defendant was, therefore, properly refused, as being abstract, as well as argumentative. For the same reason charge No. 2 was faulty, and properly refused.

According to *Avery v. The State,* 124 Ala.20, charge No. 3 requested by the defendant was bad and properly refused. Charge 4 required an acquittal of the defendant, if the mind of the jury, after considering all the evidence in the case, should be left in a state of confusion as to any fact necessary to constitute the defendant's guilt. No matter how slight the confusion might be as to any fact, and although not such a state of confusion as would render it impossible for the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, the charge, nevertheless, required an acquittal. There was no error in its refusal.

Charge 5 is bad in assuming that the flight of the defendant proceeded from fear of violence from Fowler.

Charge 6 is faulty in that it is argumentative, and also invades the province of the jury in instructing them as to what they should believe.

Charge 7 has a tendency to impress upon the mind of the jury a belief that in the opinion of the court the evidence tending to show defendant's guilt was of a limited, if not of a doubtful, nature, and was, therefore, properly refused.

Charge numbered 8 was more or less involved and its tendency was to confuse the minds of the jury and was, therefore, properly refused.

For the error pointed out the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.