# Davis *v.* The State.

### *Indictment for Violation of Stock Law.*

1. *Constitutionality of statute preventing stock from running at large in certain beats of Etowah county.*—The Act approved December 7th, 1900, amending an act "to prevent stock from running at large in several beats and parts of beats in Etowah county, approved February 8th, 1898," (Acts, 1900-1901, p. 170), which provides that whenever ten freeholders or householders in any beat or part of beat in Etowah county, shall petition the probate judge of said county, asking for an election in said beat or part of beat, to decide whether stock should be prohibited from running at large therein, the probate judge shall order an election in such beat or part of beat to decide whether stock shall be prohibited from running at large in said beat or part of beat, is not unconstitutional and void as being an unauthorized delegation of legislative authority, and is not subject to the objections that it does not define either the boundaries within which the stock law is to be operated, or the persons who are to determine by their votes whether or not the law shall go into effect.

2. *Indictment for violation of stock law; sufficiency thereof.*—In an indictment for the violation of a local law prohibiting stock from running at large within a designated territory, it is not necessary to aver the various proceedings required by said local act to be gone through in establishing the stock law in said district.

3. *Same; same.*—An indictment for the violation of a local statute providing for the establishment of a stock law district, and which confers jurisdiction upon a justice of the peace within said district for violation of said statute, is not subject to the objection that the offense was a misdemeanor, triable only by a justice of the peace, since the jurisdiction conferred upon

a justice of the peace is not exclusive, and all misdemeanors
are indictable offenses.

4. *Statute establishing stock law district; courts take judicial
   knowledge thereof.*—A local statute providing for the estab-
   lishment of stock law districts in a particular county, which
   extends to all persons who may come within the territory
   described, though local, is public in its nature, and is a
   statute of which the court's take judicial knowledge.

5. *Indictment for violation of local stock law; admissibility of
   evidence.*—On a trial under an indictment charging the viola-
   tion of a stock law prohibiting the running at large of stock
   in certain designated districts, the minute entry of the com-
   missioner's court of the result of an election held under the
   law providing for the establishment of the stock law district
   and adjudging the establishment of such stock law district,
   is admissible in evidence.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Ben Davis, was indicted,
tried and convicted for letting a hog run at large in a
stock law district in the county of Etowah. The indict-
ment as preferred contained two counts. The defen-
dant's demurrer to the 1st count was sustained. The
2nd count of the indictment was in words and figures
as follows: "The grand jury of said county further
charge that before the finding of this indictment, Ben
Davis did wilfully permit a hog owned by him to go
upon the crop of Thomas Turner within the following
described portion of Gadsden, beat number one, in said
county, to-wit: commencing at the southwest corner
section twenty-nine, township eleven, range six, thence
to the northwest corner of southwest fourth of south-
west fourth, section twenty, township eleven, range six
east; thence east to the northeast corner of the south-
east fourth of the southeast fourth, said section twenty;
thence south to the northeast corner section twenty-
nine, township eleven, range six; thence east along
northern boundary line of section twenty-eight, town-
ship eleven, range six, to Black Creek; thence down
Black Creek to the northern boundary line of section
thirty-two, township eleven, range six; thence west with

said boundary line to the beginning point in which it is and was unlawful for hogs to run at large, against the peace and dignity of the state of Alabama."

The defendant demurred to the 2nd count of the indictment upon the following grounds: "1st. Said indictment is based upon an unconstitutional law. 2nd. The said indictment |failed to show whether the offense charged was committed before or after the 29th day of September, 1903. 3d. The said indictment charges that defendant permitted a hog to go upon the crop of Tom Turner, whereas the act approved September 29, 1903, only makes it indictable to permit stock to go upon the lands of another, and the indictment fails to aver or show that the offense charged was committed before the 29th of September, 1903. 4th. The said indictment fails to charge that a majority of the votes cast as certified by the managers were in favor of prohibiting stock from running at large. 5th. The said indictment fails to charge that the probate judge has entered on the minute books of the court of county commissioners as provided by law. 6th. The statement in the indictment that it is and was unlawful to permit stock to run at large in the portion of beat referred to is not supported by any averment of facts showing that it is unlawful. 7th. The stock law relied on provides for misdemeanors of the nature charged to be triable only by a justice of the peace and not on indictment. 8th. Said indictment counts upon a local law of which this court will not take judicial notice and fails to plead said local law." This demurrer was overruled.

On the trial of the case, the State introduced in evidence, against the objection and exception of the defendant, the minute entry in the minute books of the court of county commissioners of Etowah county, showing the establishment of the stock law district in the portion of the county described in the indictment. The other facts of the case are sufficiently stated in the opinion.

GOODHUE & BLACKWOOD, for appellant.—Our contention is that the Act approved Dec. 7, 1900 (Acts, 1900-01 page 170) is unconstitutional. The trouble with the Act is that it does not define either the boundaries with

in which the stock law is to be operative or the persons who are to determine by their votes whether or not the law shall go into effect, but attempts to delegate to any ten or more free-holders or house-holders who may see fit to unite in a petition the power to determine the boundaries of the proposed stock district and the voters who shall participate in the election. It will be observed that the language of the Act is that whenever ten free-holders or house-holders in any beat or part of beat in Etowah county shall petition, etc.—. And again the Act provides that "the election shall be held to decide whether in said beat or PART of beat described in said petition stock shall be prohibited from running at large," and again it provides that at such election "the qualified voters of said beat or part of BEAT only shall be allowed to vote." *Hand v. Stapleton*, 135 Ala. 162; 6 Am. & Eng. Ency. of Law 1041; *Thornton v. Territory*, 17 Pac. Rep. 896; *State v. Hayes*, 61 N. H. 341; *Dowling v. Lancashire Insurance Co.*, 31 L. R. A. 112.

MASSEY WILSON, Attorney-General for the State, cited *Code*, §4898; 10 Ency. Pl. & Pr. 473; *Carson v. State*, 69 Ala. 235; *Compton v. State*, 95 Ala. 25, 27; *Bodine v. State*, 129 Ala. 106-111; *Newell v. State*, 115 Ala. 54-60.

HARALSON, J.—The indictment was found under the act of December 7th, 1900, (Acts, 1900-1, p. 170) amending an act, "To prevent stock from running at large in several beats and parts of beats in Etowah county, approved February 8th, 1898.—Acts, 1898-99, p. 683."

The indictment was demurred to on many grounds, the first of which was that it was based on an unconstitutional law. This contention proceeds on the alleged ground, as stated in the brief of counsel, that the act "does not confine either the boundaries within which the stock law is to be operated, or the persons who are to determine by their votes whether or not the law shall go into effect, but attempts to delegate to any ten or more freeholders who may see fit to write in a petition, the

power to determine the boundaries of the proposed stock district, and the voters who shall participate in the election."

The first section of the act provides, "That whenever ten freeholders or householders in any beat or part of beat in Etowah county shall petition the probate judge of said county asking that an election be held in said beat or part of said beat to decide whether in said beat or part of said beat stock shall be prohibited from running at large, the probate judge shall order an election in such beat or part of beat described in said petition and at a place to be designated in said petition, and shall notify the public that an election will be held at said voting, not less that twenty nor more than thirty days from the publication, specifying the day of election, to decide whether in said beat or part of beat described in said petition, stock shall be prohibited from running at large," etc.

The criticism of the act is not well made. The act does provide, not that "ten freeholders or householders shall have the power to determine the boundaries of the proposed stock district;" but it simply bestows on them the right to petition for an election to be held in the beat or part thereof designated in the petition, at which the *qualified voters* of the beat or part of the beat designated shall be allowed to vote. So the petitioners have no right to determine the boundaries of the district, since the qualified voters may approve or defeat the recommendation of the petitioners, and they are the ones who, at last, determine the boundaries of the district. If competent for the legislature to authorize, in this manner, the establishment of a stock district, it was just as competent for it to authorize a part of the beat to do so. The legislature in this act did authorize the establishment of such districts, dependent upon the condition of the people voting to have them, and when the condition named had been fulfilled, and the district is thereby established, it cannot be said that there was not legislative authority behind it. The act does not delegate legislative powers, but it is legislation, to take effect upon a valid condition.

[Davis v. The State.]

The Legislature may pass a valid statute, to take effect upon the happening of a future event, and the statute will not, on this account, be held to be unconstitutional.—*Hand v. Stapleton,* 135 Ala. 162.

Many similar acts have been, from time to time, passed by the legislature, and its competency to create such laws, has been frequently questioned. It has, however, been uniformly held that such acts are not unauthorized delegation of legislative authority to the commissioners courts, nor otherwise objectionable on constitutional grounds.—*McGraw v. Court of County Revenue,* 89 Ala. 407; *Edmondson v. Ledbetter,* 114 Ala. 479.

The act is not subject to the other objection raised to it that it does not define the persons who are to determine by their votes whether or not the law shall go into effect, but attempts to delegate to any ten or more freeholders or householders the power to determine the voters who shall participate in the election. The act leaves it to a decision of a majority of the "qualified voters of said beat or part of said beat."

There is nothing in the 2nd or 3rd grounds of demurrer. The indictment, as stated, is under said amended act of 1900-1, and the act of Sept. 29th, 1903, has no application to this case.

The 4th, 5th and 6th grounds, set up in substance that it was necessary to aver the various proceedings required by the act to be gone through with in establishing said district. This was unnecessary. It is not required that an indictment shall set up the proof in the case, but merely to charge the commission of the offense in the language of the statute which is here done.

The 7th ground was bad. The statute gives jurisdiction to the justice of the peace, but it does not make that jurisdiction exclusive. All misdemeanors are indictable offenses.—Code, §4891.

The 8th ground was also without merit. The court takes judicial notice of such laws. The statute though local in its nature, extends to all persons who may come within the territory described, and is a statute of which the courts take judicial knowledge.—*Carson v. State,* 69 Ala. 236; *Compton v. State,* 95 Ala. 27.

The minute entry of the result of the election and the establishment of the district, was introduced in evidence. The defendant objected to its introduction because it showed on its face that there was a contest filed as to said election, and fails to show the verdict of a jury determining said contest; and that said minute entry fails to show that proceedings were had in accordance with the statute on the contest filed, and the probate judge had no authority after contest filed to enter the order on the minute book declaring it unlawful to permit stock to run at large within the territory without first having determined the contest.

The bill of exceptions shows that on the 24th of April, 1902, a contest of said election was filed, and May 1st, 1902, was set to hear said contest, and the same was duly heard upon the issue as stated in the petition for contest, and upon the hearing of the same, the court dismissed the proceedings, in favor of the contestees.

It does not appear upon what ground the court dismissed the proceedings for a contest. Neither the petition nor any of the proceedings therefor are shown. In the absence of such showing we will presume that the contest was dismissed on some proper ground.—*Bodine v. State,* 129 Ala. 106; *Newell v. State,* 115 Ala. 54, 60.

Affirmed.