# Buckhanon *v.* The State.

## *Murder.*

(Decided February 2, 1915.   67 South. 718.)

1. *Charge of Court; Reasonable Doubt.*—The probability of innocence which will justify an acquittal, must be a reasonable probability arising involuntarily out of the evidence, or some part thereof after the jury's consideration of the whole evidence.

2. *Same.*—A charge authorizing an acquittal if any one of the jurors entertained a reasonable doubt of guilt, is properly refused.

3. *Same; Covered by Those Given.*—The court will not be put in error for refusing instructions substantially covered by requested instructions given.

4. *Homicide; Self-Defense.*—Charges on self-defense which ignore the doctrine of freedom from fault are properly refused.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

George Buckhanon was convicted of manslaughter and he appeals. Affirmed.

No counsel marked for appellant.

W. L. MARTIN, Attorney General, for the State.

BROWN, J.—The appellant killed Saunt Ragsdale by shooting him with a gun in a cotton patch near the home of the deceased, and for this he was indicted for murder in the first degree, and was tried and convicted for manslaughter in the first degree and sentenced to the penitentiary for a term of four years. The only questions presented for review here arise from the refusal of the court to give charges numbered 3, 12, 16, 17, 18, 19, and 22.

The evidence on the part of the state tended to show that appellant, a few minutes before the killing, with

gun in hand, passed through the yard of the deceased, making threats that he was going to the home of Mattie Philpotts and kill her, because of "something she had told on him, which he said was not true"; that, while defendant was in the yard of deceased, he declared with an oath that he was going to kill "Mat Philpotts" and her husband, and started off through the field in the direction of their house, when the deceased followed him, dissuading him from his declared purpose, and the defendant turned upon the deceased and causelessly shot him to death. On the part of the defendant there was some evidence tending to show that defendant stopped at the house of deceased and inquired for him, and found deceased at the barn, when defendant told deceased that he (defendant) was going hunting; that deceased cursed him, and followed him down into the field, abusing him, and cursing and threatening to kill him; that deceased assaulted defendantant with a rock, and then engaged in a scuffle with the defendant over defendant's gun, and in the scuffle the gun was accidentally discharged while the deceased had hold of its muzzle, and thus the wound causing the death of deceased was inflicted.

The only difference between charge 3, refused by the court to defendant, and charge 4, given at his instance, is that charge 4 requires the probability of innocence that would justify an acquittal to arise out of the evidence, while charge 3 does not. The refusal of charge 3 can, therefore, be justified because it authorizes an acquittal on a probability of innocence not arising from the evidence or existing in the face of the whole evidence.—*McClain v. State,* 182 Ala. 81, 62 South. 241. The charge was faulty for another reason. It justifies an acquittal on a probability of innocence, while it must be a reasonable probability of innocence arising invol-

[Buckhanon v. The State.]

untarily out of the evidence, or some part thereof, after a consideration of the whole by the jury.

Charge 12 refused to the defendant is an exact duplicate of charge 13 given at defendant's instance, and was correctly refused.—*McClain v. State, supra; Watkins v. State*, 133 Ala. 88, 32 South. 627; *Wildman v. State*, 139 Ala. 125, 35 South. 995; *Smith v. State*, 182 Ala. 38, 62 South. 184.

Charges 16, 17, 18, and 19, besides ignoring the doctrine of freedom from fault (being properly refused for that reason), are substantial duplicates of charge 20 given at defendant's request, and for this reason were properly refused.—*McClain v. State, supra.*

Charge 22 authorized an acquittal if any member of the jury entertained a reasonable doubt of his guilt, and this justified its refusal. The proposition asserted in charge 22, refused to defendant, was given to the jury in charge 6, and no obligation rested on the court to repeat this instruction.—*Smith v. State, supra.*

We have carefully considered all questions presented by the record, and find no error therein at which the appellant can complain, and the judgment of the circuit court is affirmed.

Affirmed.