(84 South. 396)

## CANELLOS v. STATE. (1 Div. 332.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

1. RECEIVING STOLEN GOODS ⬅➡7(5)—TITLE PROPERLY LAID IN SELLER, AS IT DID NOT PASS UNTIL DELIVERY.

Where a grocery company sold a bill of goods, and its driver, instead of delivering, sold a case of milk, title to the property was properly laid in the grocery company in a prosecution against the buyer for buying or receiving property knowing that it had been stolen or embezzled.

2. EMBEZZLEMENT ⬅➡11(1) — SELLING EMPLOYER'S PROPERTY INTRUSTED TO HIM FOR DELIVERY WAS EMBEZZLEMENT.

For a driver of a grocery company to sell goods which he was intrusted to deliver constitutes embezzlement; the driver being the agent of the company.

3. CRIMINAL LAW ⬅➡561(1)—PROOF BEYOND A REASONABLE DOUBT MUST BE ADDUCED.

Before there can be a conviction, proof sufficient to convince the jury beyond a reasonable doubt of every material ingredient of the offense charged must be adduced.

4. RECEIVING STOLEN GOODS ⬅➡3 — GUILTY KNOWLEDGE AN ESSENTIAL OF THE OFFENSE.

In a prosecution under Code 1907, § 6841, for receiving or buying goods knowing them to have been stolen or embezzled, guilty knowledge, as in the case of a prosecution under section 7329, is one of the material ingredients of the offense.

5. RECEIVING STOLEN GOODS ⬅➡9(2)—REFUSAL OF INSTRUCTION SPECIFICALLY REQUIRING GUILTY KNOWLEDGE ERRONEOUS.

In a prosecution under Code 1907, § 6841, for buying or receiving property knowing that it had been embezzled or fraudulently converted, etc., instructions declaring that, before there could be a conviction, the jury must believe beyond a reasonable doubt that defendant bought or received the property consisting of condensed milk actually knowing that it had been embezzled or fraudulently converted or fraudulently secreted, were improperly refused.

6. CRIMINAL LAW ⬅➡789(15)—INSTRUCTION THAT, IF THERE IS A PROBABILITY OF DEFENDANT'S INNOCENCE, HE SHOULD BE ACQUITTED, HELD PROPERLY REFUSED.

In a prosecution for buying or receiving property knowing that it had been embezzled or fraudulently converted or secreted, a requested charge that if, after considering all the evidence, there should be in the minds of the jury a probability defendant did not actually know the goods were stolen, embezzled, or fraudulently converted or secreted, etc., they should acquit, was properly refused.

7. CRIMINAL LAW ⬅➡789(15) — INSTRUCTION AS TO ACQUITTAL IN CASE OF PROBABILITY OF INNOCENCE PROPERLY REFUSED AS MISLEADING.

In a prosecution for receiving or buying property that had been embezzled or fraudu-

lently converted, etc., a requested charge that if, after considering all of the evidence, there should be in the minds of the jury a probability defendant did not actually know the goods were stolen, embezzled, etc., he should be acquitted, and this is so though the probability grows out of only part of the evidence, has a misleading tendency, and was properly refused.

8. RECEIVING STOLEN GOODS ⟨⟩9(2) — REQUESTED CHARGE AS TO DEFENDANT'S KNOWLEDGE HELD ARGUMENTATIVE AND PROPERLY REFUSED.

In a prosecution for receiving or buying embezzled property, etc., a requested charge that, before defendant could be convicted, the jury must believe beyond a reasonable doubt that he knew the goods were stolen, embezzled, or fraudulently converted or fraudulently secreted, and this means more than a suspicion or belief that they had been embezzled, and that defendant must actually have •known this fact, etc., is argumentative, and properly refused.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Nick Canellos was convicted of buying or receiving property knowing that it had been embezzled or fraudulently converted or fraudulently secreted with intent to defraud the rightful owner, and he appeals. Reversed and remanded.

The facts sufficiently appear from the opinion, except charges 15 and 17, which are as follows:

(15) The court charges the jury that before you can convict a defendant in this case you must believe beyond a reasonable doubt that he actually knew that the goods were stolen or embezzled or fraudulently converted or fraudulently secreted. This means more than he suspected or believed or had reason to believe that they were stolen, embezzled, or converted or secreted, but he must have actually known this to be a fact, and, if he did not actually know it, even though he may have suspected it, he would not be liable under this charge, and, if, you have reasonable doubt as to whether he had such actual knowledge, you should acquit him, even though you may further believe that he reasonably believed that they were stolen or converted.

(17) If after considering all of the evidence in this case there is in your mind a probability that defendant did not actually know that the goods were stolen, embezzled, or fraudulently converted, or fraudulently secreted, you should find defendant not guilty, and this is\ true although the probability grows out of only a part of the evidence.

Brooks & McMillan, of Mobile, for appellant.

A party may testify as to his own personal knowledge as a statement of a concrete fact. 136 Ala. 279, 34 South. 994; 2 Ala. App. 157, 56 South. 57. The court should have given the charges requested by the defendant. 8 Ala. App. 257, 62 South. 959. 13 Ala. App. 330, 69 South. 357; 40 Ala. 334; 12 Cyc. 160; 12 Ala. App. 297, 68 South. 562.

J. Q. Smith, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

Counsel discussed the questions presented, but without citation of authority.

SAMFORD, J. The conviction in this case is based upon section 6841 of the Code of 1907, which is similar to the crime condemned by section 7329 of the Code of 1907 in so far as section 7329 requires knowledge on the part of the defendant, and authorities construing that section are applicable to the section under which this prosecution is brought.

[1] The evidence discloses that in November, 1918, the defendant purchased a case of Magnolia milk from a negro truck driver by the name of Pickens and paid therefor $6.25; that amount being about $2 under the market value of the milk. It was shown that Pickens was the agent of James McDonnel Grocery Company; that on, to wit, the 12th of November one J. W. Taggert purchased from McDonnel a bill of groceries consisting of numerous articles and including the case of milk, the basis of this prosecution. According to the terms of purchase, these goods were to be delivered by the McDonnel Company to Taggert at his place of business. They were loaded on the McDonnel truck, put in charge of Pickens, and started for Taggert's place. All of these goods were delivered to Taggert except the case of milk, and that was taken by Pickens, in the daytime, and sold to the defendant at the place of business where defendant was clerking. The defendant paid for the milk with money belonging to his employer, and put the milk in the stock room of his employer, attached to the place of business. It was shown that the defendant's employers were customers of the McDonnel Company, and frequently bought goods from it, paying for same upon delivery.

Until the milk was delivered to Taggert the title thereto remained in the James McDonnel Grocery Company, as alleged in the indictment, and therefore the title was properly laid in it.

[2] Pickens was the agent of the McDonnel Company, and a fraudulent disposition of the milk by him was embezzlement.

The defendant claims that the milk was delivered to him for his employer upon a statement by Pickens that it had been purchased by defendant's employer, and that, believing this to be true, he paid the purchase price demanded by Pickens, not knowing that it was greatly disproportionate to the market value of the milk, and that he received it without a knowledge of the fact

that the milk had been embezzled or that there was any fraud connected with the transaction.

[3, 4] In a prosecution under this section it is not enough for the state to prove beyond a reasonable doubt that the goods were embezzled, and that the defendant bought or received the property. It must also be shown by the evidence beyond a reasonable doubt that the defendant at the time knew that the goods had been so embezzled and had the intent to prevent the recovery thereof, or to defraud the rightful owner, and any evidence tending to explain the possession of the goods by the defendant consistent with his innocence is admissible. It is a rule so well settled as not to require citation of authority that, before a defendant can be legally convicted of crime, the state must prove every material ingredient of the offense beyond a reasonable doubt, and, before a jury would be warranted in returning a verdict of guilty, there must be such proof as to convince them beyond a reasonable doubt as to every material ingredient of the offense charged. In this case a guilty scienter is one of the material ingredients. Cohen v. State, 16 Ala. App. 522, 79 South. 621

[5] In line with the foregoing the defendant requested the court, in writing, to give charges Nos. 13, 12, and 16 as follows:

"(13) The court charges the jury that, before you can convict defendant under the second count of the indictment, you must not only believe beyond reasonable doubt that the defendant did buy or receive a case of condensed milk which was the property of James McDonnel Company, but you must further believe beyond reasonable doubt that he bought or received it actually knowing that it had been embezzled, or fraudulently converted or fraudulently secreted."

"(12) The court charges the jury that, before you can convict the defendant under the second count of the indictment, you must not only believe beyond reasonable doubt that defendant did buy, or receive a case of condensed milk which was the property of James McDonnel Grocery Company, but you must further believe beyond reasonable doubt that he bought or received it, actually knowing that it had been embezzled, or fraudulently converted or fraudulently secreted."

"(16) The court charges the jury that if, after considering all of the evidence in this case, there is in your minds a probability that defendant did not actually know that the goods were stolen, embezzled, or fraudulently converted or fraudulently secreted, you should find defendant not guilty."

Charges 13 and 12 should have been given, and refusal is reversible error.

[6] Charge 16 is properly refused. Buckhanon v. State, 12 Ala. App. 36, 67 South. 718.

[7] Charge 17 has misleading tendencies, and therefore was properly refused.

[8] Charge 15 is an argument and was properly refused.

It is unnecessary to pass upon the many exceptions to testimony appearing in the record, for the reason that the general rules as hereinabove set out will, in our opinion, be sufficient to guide the trial court in another trial of this case.

For the errors pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.