(86 South. 130)

BEECHAM v. STATE.　(7 Div. 612.)

(Court of Appeals of Alabama.　June 8, 1920.)

1. WITNESSES ⊖⟹277(2)—CROSS-EXAMINATION OF DEFENDANT HELD PROPER.

In prosecution for distilling prohibited liquors, where there was evidence of a trail leading from defendant's house to the still, and where there was conflicting evidence as to whether trail had been freshly used and as to whether it had recently rained, cross-examination of defendant as to whether there had been any rains that he knew of *held* proper.

2. CRIMINAL LAW ⊖⟹789(15)—INSTRUCTION TO ACQUIT DEFENDANTS IF "PROBABLY INNOCENT" PROPERLY REFUSED.

Refusal of requested charges authorizing acquittal if the defendants were "probably innocent" *held* proper.

3. CRIMINAL LAW ⊖⟹1208(9) — INDETERMINATE SENTENCE LAW APPLICABLE TO ONE CONVICTED OF DISTILLING LIQUORS.

The sentencing of defendant, convicted of distilling prohibited liquors, to the penitentiary for a term of one year and one day, *held* error, under Acts 1919, p. 148, providing for an indeterminate sentence.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Jesse Beecham was convicted of distilling prohibited liquors, and he appeals. Affirmed as to conviction, but remanded for proper sentence.

Willett & Walker, of Anniston, for appellant.

J. Q. Smith, Atty. Gen., for the State.

MERRITT, J.　The motion of the appellant to set aside the judgment dismissing the appeal in this case is granted.

The defendant was convicted under an indictment charging that he did distill, make, or manufacture alcoholic, spirituous, malt, or mixed liquors or beverages, of which some part was alcoholic. Only two questions are presented for our consideration.

[1] During the cross-examination of the defendant he was asked: "Had there been any rains that you know of?" Defendant's objection being overruled, the defendant reserved an exception, but no motion was made to exclude the answer. The question, however, was not subject to legal objections. The evidence tended to show a trail leading from defendant's house to the still, and there was evidence both pro and con to show that the trail was freshly used, and it had recently rained.

[2] The following written charges were refused to the defendant: (1) If the defendants are probably innocent, the jury should acquit them; and (2) if the defendant Beecham is probably innocent, the jury should acquit him. These charges were properly refused. Buckhanon v. State, 12 Ala. App. 36, 67 South. 718; McClain v. State, 182 Ala. 67, 62 South. 241.

[3] The record shows that the defendant was sentenced to the penitentiary for a term of one year and one day. Under the act of 1919, approved February 18, 1919 (Acts 1919, p. 148), providing for an indeterminate sentence, the sentence in this case was error, and the cause is remanded to the lower court, in order that the defendant may be sentenced in compliance with the provisions of said act. Judgment of conviction is affirmed.

Remanded for proper sentence.