(101 So. 156)

## GRIMSLEY v. STATE. (4 Div. 891.)

(Court of Appeals of Alabama. July 22, 1924.)

**1. Homicide ⬅166(8)—Evidence of improper relations between accused and deceased's wife held admissible as showing motive.**

Evidence of improper relations between accused and deceased's wife *held* admissible as evidence of motive for committing homicide.

**2. Homicide ⬅166(8)—Evidence of accused's abduction of deceased and his living with deceased's wife held admissible as motive for homicide.**

That accused abducted deceased, though legally, and thereafter remained with deceased's

wife, *held* admissible as throwing light upon the feelings of accused toward deceased, and as exposing a probable motive for the homicide.

**3. Homicide ⮌166(2)—Previous difficulty and accompanying threats held admissible to show malice or motive.**

While details or merits of the previous difficulty between deceased and accused may not be inquired into, the fact of such difficulty and threats accompanying it, whether by words or by deed, is admissible to show malice or motive.

**4. Criminal law ⮌695(6), 696(7)—Objection to evidence failing to single out objectionable matter held properly overruled.**

Where some of the evidence as to the previous difficulty between deceased and accused was competent, accused's objection and motion to exclude, directed practically to the whole of the evidence, without singling out objectionable matter, was properly overruled.

**5. Criminal law ⮌829(1)—Refusal to give requested charge covered by charge given held not error.**

Refusal to give a requested charge which was covered by another charge given was not error.

**6. Criminal law ⮌814(12)—Requested charge as to defendant's character properly refused in absence of evidence on that subject.**

Refusal to give a requested charge as to defendant's good character was properly refused where there was no evidence on that subject.

**7. Criminal law ⮌814(3)—Charge not predicated upon the evidence is properly refused.**

A charge not predicated upon the evidence is properly refused.

**8. Criminal law ⮌815(1)—Charge failing to base or hypothesize belief of jury upon evidence held properly refused.**

A charge which failed to base or hypothesize the belief of the jury upon the evidence *held* properly refused.

**9. Criminal law ⮌789(15)—Requested charge held faulty for using word "supposition."**

A requested charge that, unless the evidence excludes to a moral certainty every reasonable supposition but that of the guilt of defendant, then jury must acquit, *held* properly refused as faulty for using word "supposition"; such word having no place in criminal administration.

**10. Criminal law ⮌759(1)—Requested charge as to favorable and unfavorable construction of evidence held properly refused as invading province of jury.**

Requested charge that, if two reasonable constructions can be given to the facts proved, the one favorable and the other unfavorable, it is the duty to give that which is favorable to accused, *held* properly refused as invading province of jury.

**11. Homicide ⮌300(13) — Requested charge held faulty as failing to hypothesize freedom from fault in bringing on difficulty.**

A requested charge on the subject of accused's right to act upon appearances and to shoot if honestly entertaining a reasonable belief that he was in danger of great bodily harm, and that his retreat would increase his danger, *held* properly refused as failing to hypothesize freedom from fault in bringing on the difficulty.

**12. Criminal law ⮌778(4)—Requested charge as to presumption of innocence held properly refused.**

Requested charge that accused is presumed innocent until his guilt is established, and that the evidence to induce or authorize a conviction must not be a mere preponderance of probability, but must be so strong as to lead the minds to the conclusion that accused cannot be guiltless, *held* properly refused.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Walter Grimsley was convicted of murder in the second degree, and appeals. Affirmed.

These charges were refused to defendant:

"(3) The court charges the jury that it is a well-settled rule of law that, if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to the party charged with crime, it is the duty to give that which is favorable rather than that which is unfavorable to the accused."

"(10) The court charges the jury that defendant is presumed to be innocent until his guilt is established, and the evidence to induce or authorize a conviction should not be a mere preponderance of probability, but should be so strong and convincing as to lead the minds to the conclusion that the accused cannot be guiltless."

"(13) The court charges the jury that, unless the evidence excludes to a moral certainty every reasonable supposition but that of the guilt of the defendant, then they must acquit him."

"(31) The court charges the jury that the defendant may offer proof of his good character, and such proof taken in connection with all the evidence in the case may be sufficient to create a reasonable doubt of the defendant's guilt.

"(32) The court charges the jury that proof of good character in connection with all other evidence may generate a reasonable doubt which entitles the defendant to an acquittal, even though without such proof of good character the jury would convict."

"(36) The court charges the jury that it is not necessary under the evidence that the defendant should have been actually in danger of death or great bodily harm at the time he killed the deceased or that retreat would really increase his peril in order for him to have been justified in shooting the deceased, but he had the right to act upon appearances, and if he honestly entertained the reasonable belief that he was in danger of life or great bodily harm, and that his retreat would increase his danger,

that he had the right to shoot, even to the taking the life of the deceased, and the jury should find him not guilty."

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. Defendant was indicted, tried, and convicted of murder in the second degree.

The evidence showed that deceased was working for defendant in the latter's field on the day of the fatal difficulty, and was shot and killed by the defendant. The testimony of defendant was that deceased commenced shooting at him, and that he (defendant) shot and killed deceased in self-defense.

[1] Several exceptions were reserved by defendant to the rulings of the court admitting evidence tending to show the existence of improper relations between defendant and deceased's wife. Such relations are evidence of motive for the commission of the crime, and the evidence was competent for such purpose. Pate v. State, 94 Ala. 14, 10 South. 665; Cook v. State, 5 Ala. App. 11, 59 South. 519; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Johnson v. State, 17 Ala. 618.

[2] Upon examination of Tom Bryant, witness for the state, he was questioned concerning an occurrence between accused and deceased which had taken place about three months prior to the fatal difficulty, when, according to the witness, the defendant had attempted to take deceased to Dothan and turn him over to the authorities there, as defendant was on his (deceased's) bond and wished to be released. This occurred at defendant's home, with whom both deceased and deceased's wife were living at the time, and the evidence of the witness further showed that after this occurrence defendant and deceased's wife lived in the house together, though the deceased did not.

The question was asked witness by the state: "What did Grimsley have?" The witness answered: "Had his gun in his hand, and Mr. Tinsley (deceased) at the time was standing out in the yard by the wagon with his arms folded and his head hung down." Objection was made by defendant to the question, and a motion was made to exclude the answer, both of which were overruled and exception taken.

Previous hostile acts of accused are admissible as showing the animus of accused toward deceased. They are further admissible on the inquiry of malice vel non, and to show a probable motive for the offense. The fact that defendant while armed had abducted deceased away from his home, though legally, and the further fact that he and deceased's wife remained together at defendant's home after deceased had been removed, had a tendency to throw light upon the feelings of defendant toward deceased, and expose to the consideration of the jury a probable motive for the commission of the crime. The court did not err in admitting this evidence. Linehan v. State, 113 Ala. 70, 21 South. 497; Gray v. State, 63 Ala. 66; Lawrence v. State, 84 Ala. 424, 5 South. 33.

[3, 4] Although the details or the merits of a previous difficulty between deceased and defendant cannot be inquired into, the fact of such difficulty, and threats accompanying it, whether by words or by deed, may be proved for the purpose of showing malice or motive. If it can be said that the occurrence in question was a previous difficulty, and that the evidence did go into details, objections and motions to exclude by defendant did not single out such details, but were directed to the whole, or practically the whole, of such evidence, and, part being relevant, the objection was properly overruled. Lawrence v. State, 84 Ala. 424, 5 South. 33.

[5] Charge 33 refused to defendant is covered by given charge 20.

[6] Charges 31 and 32 were properly refused, as there was no evidence of defendant's good character. Bodine v. State, 129 Ala. 106, 29 South. 926.

[7] Charge 24 was not predicated upon the evidence. Trial courts may without error refuse such charges. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179.

Charge 25 was covered by the court's oral charge to the jury and substantially covered by given charge 6.

Charge 23 is a substantial duplicate of charge 13.

[8] Charge 35 fails to base or hypothesize the belief of the jury upon the evidence. Davis' Case, supra; Edwards' Case, supra.

[9] Charge 13 is faulty. The word "supposition" has no place in criminal administration. In Smith v. State, 197 Ala. 193, 202, 72 South. 316, 320, the Supreme Court, in discussing a similar charge, says:

"Moreover, the charge was properly refused, for the use of the word 'supposition.' All cases in this state holding that the refusal of such a charge is erroneous, are hereby overruled. Dawson v. State, 196 Ala. 593, 71 South. 722; Richardson v. State, 191 Ala. 21, 68 South. 57."

[10] The case of Smith v. State, supra, has been uniformly followed in subsequent decisions. White v. State, 210 Ala. 8, 97 South. 234.

Charge 3 is invasive of the province of the jury, and similar charges have been repeatedly condemned. Davis v. State (Ala. App.) 98 South. 912;[1] Fonville v. State, 91 Ala. 39, 8 South. 688.

[11] Charge 36 is faulty in that it fails to hypothesize freedom from fault in bringing on the difficulty. Montgomery v. State, 160 Ala. 7, 49 South. 902; Green v. State, 143 Ala. 2, 39 South. 362.

Refused charge 21 is substantially covered

---

[1] 19 Ala. App. 551.

by given charge 7 and the oral charge of the court.

[12] Charge 10, in substance, has been repeatedly condemned. Thomas v. State, 107 Ala. 13, 18 South. 229; Bonner v. State, 107 Ala. 97, 18 South. 226.

Charge 27 is both in substance and in legal effect the same as charge 14, given at request of defendant.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

