(133 So. 592)

## ARRINGTON v. STATE.

### 4 Div. 727.

Court of Appeals of Alabama.
March 24, 1931.

R. L. Polk, of Sheffield, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Sollie & Sollie, of Ozark, and Guy W. Winn, of Clayton, for appellant.

**234**

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

There was much testimony and many objections and exceptions, relating to the location of a whisky still, some three-quarters of a mile from defendant's house, in a wood. All of this testimony related to the still, its location and its possession. There may have been some technical objection to some of the preliminary questions asked state's witnesses leading up to their knowledge regarding the whisky still. If so, none of them could possibly have injuriously affected defendant's substantial rights. All of the testimony of these state's witnesses related directly to the still and its location, and as such was relevant and admissible.

Witnesses for the state qualified sufficiently as to knowledge of stills, and testified that this still was suitable to be used in the manufacture of whisky. The court committed no error in the admission of this testimony.

The testimony tends to prove that the state's witnesses found this still on a certain Tuesday; that they watched the still constantly from that time until the next Friday morning; that on Thursday evening defendant was seen near the still; that he lifted up the lid to one of the vats containing beer; that "He did not do anything to it, just looked at it." This witness further testified that, when he saw defendant looking at the beer, he just observed defendant a few minutes and went away, and, when witness returned in about an hour, defendant was gone, and was never seen again at or near the still. The above evidence would not be sufficient within

itself to sustain a conviction, and, if this were all, the defendant would be entitled to the general charge. Biddle v. State, 19 Ala. App. 563, 99 So. 59.

The state, however, introduced two witnesses, Edgar Frazier and Henry Thorn, who were found at the still on Friday morning when the still was destroyed. These parties were arrested, and stand indicted charged with the possession of this still. They testify that the still was Mr. Arrington's (the defendant), and that they were sent to the still by Arrington (defendant) merely to "watch." It is admitted that both Frazier and Thorn were so connected with the possession of the still as to make them accomplices. It is insisted on the part of defendant that, under section 5635, Code 1923, he cannot be convicted on the uncorroborated testimony of Frazier and Thorn. This, of course, is the law, and, unless independent corroboration can be found in the testimony, the defendant cannot be convicted. The corroborative evidence tending to connect the defendant is to be found in the fact that the defendant was seen at the still on Thursday evening looking into one of the vats containing the beer designed to be used in distilling whisky. The still was three-quarters of a mile from defendant's house, in a wood. What was his business there? Was it to ascertain if the beer was ready for distillation? Did he find it so and instruct Frazier and Thorn to go there Friday morning to aid in manufacturing the whisky? The fact of defendant's being at the still, while not sufficient to convict, was a circumstance tending to corroborate the testimony of the witnesses Frazier and Thorn. The weight of this testimony was for the jury. Malachi v. State, 89 Ala. 134, 8 So. 104; Horn v. State, 15 Ala. App. 213, 72 So. 768; Segars v. State, 19 Ala. App. 407, 97 So. 747.

The defendant requested the court in writing to give the following charge: "If upon all the evidence the jury believe that the defendant is not probably guilty they must acquit him." As was pointed out by this court in Fox v. State, 17 Ala. App. 559, 87 So. 621, a similar charge omitting a requirement for a consideration of the evidence was held to be good and its refusal reversible error in many cases decided by our Supreme Court and collated in the Fox Case, supra. We further pointed out in the Fox Case that this court had held the charge bad in Buckhanon v. State, 12 Ala. App. 36, 67 So. 718, for that it pretermitted a consideration of the evidence, for which holding authority was cited, and for the further reason that the probability of innocence must be reasonable. For this last no authority was cited, and we are sure none could be found, for the reason that a "probability of innocence" is a stronger term and places a greater burden on the defendant than "a reasonable doubt." Edwards v. State, 205 Ala. 160, 87 So. 179. Since the decision in the

Fox Case, supra, which was based upon Davis v. State, 188 Ala. 59, 66 So. 67, which decision declared the charge bad for that, it pretermitted a consideration of the evidence, similar charges have been up for consideration many times, among these cases being, Caldwell v. State, 203 Ala. 412, 84 So. 272; Rikard v. State, 209 Ala. 481, 96 So. 412; Riley v. State, 209 Ala. 505, 96 So. 599; Whittle v. State, 213 Ala. 301, 104 So. 668; Burkett v. State, 215 Ala. 453, 111 So. 34; Jones v. State, 16 Ala. App. 7, 74 So. 843; Green v. City of Demopolis, 20 Ala. App. 115, 101 So. 529; Wilson v. State, 20 Ala. App. 137, 101 So. 417; Grimsley v. State, 20 Ala. App. 155, 101 So. 156; Gilchrist v. State, 20 Ala. App. 307, 101 So. 634; Hill v. State, 21 Ala. App. 310, 107 So. 789; Humber v. State, 21 Ala. App. 378, 108 So. 646. Many more cases of like import could be cited showing that the only vice of the charge here refused was that it was not predicated on the evidence. And, while the charge met with some criticism in Edwards v. State, 205 Ala. 160, 87 So. 179, as stating a requirement less favorable to defendant than one to which he was entitled, the charge was not for that reason condemned. The charge in the instant case meets every criticism condemning it, except the phrase in the Buckhanon Case, supra, and that part of the Buckhanon opinion was not based upon authority cited, and has never since been cited or alluded to. It is true that Mr. Justice Somerville, writing in the Edwards Case, supra, expressed the view that the charge was less favorable to the defendant than if otherwise expressed, but the charge was not condemned for that reason. The charge does correctly state the law, and "must be given or refused in the terms in which they are written." Code 1923, § 9509. The trial court erred in refusing to give the charge as requested.

■ Refused charge not numbered, but which for convenience we have marked "B," tends to be confusing, and, if for no other reason, the charge was properly refused.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.